# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TRAMPUS REED, )<br>)<br>Defendant. ) | Case No. 01-CR-20062 |

## OPINION

On March 13, 2002, Defendant, Trampus Reed, was sentenced in this court to a term of 168 months in the Bureau of Prisons for a crack cocaine offense. On October 16, 2008, Defendant filed this Emergency Motion for Interruption of Sentence Pursuant to 28 U.S.C. § 1651 (#31). The Government filed its Response (#32) on October 24, 2008. For the reasons that follow, this court DENIES Defendant's Emergency Motion (#31).

## ANALYSIS

Defendant filed his Motion (#31) on October 16, 2008. He asked this court to enter an order interrupting and staying his sentence for a period of time so that he could visit and comfort his mother, Mae Ola Reed, who had been diagnosed with congestive heart failure, lung cancer, cervical cancer, "acute low back pains," "DJD", and "pulmonary nodule." Defendant's mother is currently under the care of Dr. Virendra S. Bisla of Heart Care Centers in Chicago and Dr. S. Diane Yamada of the University of Chicago. Defendant attached letters from the two doctors listing Ola Mae Reed's medical conditions and saying that it would be beneficial for her to have Defendant relocated

to a facility near her. The letter from Dr. Yamada, referring to the pulmonary nodule, said "This new issue is being evaluated and its significance is currently unknown. Further management is also currently unknown."

Defendant argued that under 28 U.S.C. § 1651 this court has the power to order the interruption of sentence. Defendant cited to various district court cases in the Seventh Circuit that he believed contained precedent for just such a move.

The Government, in its Response (#32) urged this court to reject Defendant's Motion (#31) due to this court's lack of jurisdiction. Specifically, the Government argues that since no timely appeal or 28 U.S.C. § 2255 motion is pending, no statute or other provision authorizes this court to "essentially modify its prior judgment by issuing an order to the Bureau of Prisons regarding Defendant's custody." The Government points out that Defendant is mistaken in relying on 28 U.S.C. § 1651(a), as that Act allows for a federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions..." The Government contends this simply allows the court to issue orders on cases over which it already has jurisdiction, but does not confer jurisdiction where it is otherwise absent. Even if the court were to have jurisdiction, the Government urges that such an interruption of sentence is not warranted under the circumstances in the instant case. The Government notes that Defendant was convicted of a large scale drug trafficking offense and has a criminal history category of III. Further, Defendant has provided no details or proof of the alleged surgery and no information regarding his mother's medical condition that would suggest it is an emergency situation. The court does not know if the surgery is routine or life-threatening. Finally, the Government argues that if such an interruption of sentence were granted it would undercut many of the purposes for imprisonment.

The "All Writs Act" states:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

In United States v. Patel, Case No. 04-CR-239-3, a case cited to by both sides, the defendant Patel asked the court to interrupt his sentence for a three day period so he could attend his nephew's wedding. Patel argued that the reduction was authorized by the All Writs Act. The court noted that "[t]his position is incorrect because the All Writs Act is not an independent grant of jurisdiction but instead assists this court in enforcing its preexisting jurisdiction." Patel, No. 04-CR-239-3, citing In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001). The government, in Patel, argued that 18 U.S.C. § 3622, which authorizes the Bureau of Prisons to temporarily release a prisoner for not more than 30 days under certain conditions, provides exclusive authority to the Bureau of Prisons to determine whether a release is appropriate. The court noted that no reported decision existed addressing a district court's ability to review the Bureau of Prisons refusal to grant a release under 18 U.S.C. § 3622. However, citing to Wade v. United States, 504 U.S. 181, 185 (1992), where the Supreme Court held that a court can review the government's refusal to bring a Rule 35(b) motion if the government's refusal was irrational or otherwise violated Constitutional protections (Rule 35 being one of the specific authorizations listed in 18 U.S.C. § 3582 that a court can permissibly consider when determining whether to reduce a sentence), the Patel court concluded that "this court does have jurisdiction to review the Bureau of Prisons' decision but only to the limited extent of determining whether the decision is irrational or otherwise does not comply with constitutional requirements." The court then determined that the Bureau's refusal of Patel's motion was not irrational or a

violation of Constitutional protections.

The Government also cites to United States v. Smith, 438 F.3d 796 (7th Cir. 2006), where the Seventh Circuit stated that once a sentence has been imposed, neither the judge nor a parole board may make changes except for that authority explicitly given to district judges in 18 U.S.C. § 3582(c). Smith, 438 F.3d at 798.

This court, at this time, without further guidance on the issue from the Seventh Circuit, agrees that it does not have jurisdiction to grant a temporary interruption of sentence and that that power remains exclusively with the Bureau of Prisons. The language in Smith makes clear that outside of the exceptions listed in 18 U.S.C. § 3582(c), once sentence has been imposed, neither the judge nor a parole board can make changes. Smith, 438 F.3d at 798. In Patel, the district court found authority to grant an interruption of sentence if the decision to deny the interruption was irrational or did not comply with Constitutional requirements. That court based its reasoning on the holding in the Wade case that courts can review the government's refusal to bring a Rule 35(b) motion if the government's refusal was irrational or otherwise violated the Constitution. Since Rule 35 is a specific authorization listed in 18 U.S.C. § 3582 that a court can permissibly consider when determining whether to reduce a sentence, the Patel court concluded that it should apply the reasoning of Wade to the defendant's request under § 3622 for a temporary release.

This case, however, does not involve any exception listed under § 3582(c). It does not involve anything from Rule 35. Absent any on-point direction from the Seventh Circuit, this court is not willing to assume it has jurisdiction to review Bureau of Prison decisions on interruption of sentence under § 3622. That statute vests the authority to grant temporary release of a prisoner specifically with the Bureau of Prisons, not the federal courts. See United States v. Premachandra,

78 F.3d 589 (8th Cir. 1996) (unpublished opinion); Clay v. LaManna, 2008 WL 4680579 (D.S.C. October 21, 2008). Therefore, Defendant's Request for a Emergency Motion for Interruption of Sentence Pursuant to 28 U.S.C. § 1651 (#31) must be DENIED as this court has no jurisdiction to hear the motion.

IT IS THEREFORE ORDERED THAT:

Defendant's Emergency Motion for Interruption of Sentence Pursuant to 28 U.S.C. § 1651 (#31) is DENIED.

ENTERED this 28th day of October, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE